**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL KAHAKU, CDCR #J-61059, | Case No.:  26-cv-02865-WQH-BJW |
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING CIVIL ACTION WITHOUT PREJUDICE** |
| v. | |
| C. REDDEN, Correctional Counselor; and O. MEDINA, Correctional Counselor, | **[ECF No. 2]** |
| Defendants. | |

HAYES, Judge:

Plaintiff Daniel Kahaku, who is unrepresented and incarcerated at Ironwood State Prison ("ISP"), has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1), together with a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2). Plaintiff claims that two correctional counselors at Centinela State Prison violated his First Amendment rights when they revoked his family visitation privileges in retaliation for his having filed prior lawsuits and grievances alleging prison staff misconduct. (*See* ECF No. 1 at 2–3.) Plaintiff seeks reinstatement of his privileges as well as compensatory and punitive damages. (*Id.* at 8.) For the reasons discussed below, the Court **DENIES** Plaintiff's IFP motion and **DISMISSES** the action without prejudice.

## I. IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

///

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

Plaintiff's current motion to proceed IFP is incomplete because it does not include a certified copy of his CDCR inmate trust account statements for the 6-month period immediately preceding the filing of his complaint.  *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2.[2] Without these records, or ISP's institutional equivalent, the Court is unable to determine whether Plaintiff is eligible to proceed IFP and cannot assess whether any initial partial filing fee is required to initiate the prosecution of his case. *See* 28 U.S.C. § 1915(b)(1).

## II.    CONCLUSION

Accordingly, the Court:

(1)    **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2);

(2)    **DISMISSES** this civil action without prejudice for failure to prepay the $405 civil filing fee required by 28 U.S.C. § 1914(a);

(3)    **GRANTS** Plaintiff forty-five (45) days from the date this Order in which to re-open this case by either:  (a) paying the entire $405 civil filing and administrative fee in one lump-sum; <u>or</u> (b) filing a renewed IFP motion, which includes a prison certificate signed by a ISP accounting official attesting as to his trust account balances and deposits for the 6-month period preceding the filing of his complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b);[3] and

---

[2]  In fact, Plaintiff claims he was told by law library officials at ISP that his IFP "would not be processed" because e-filing from ISP to the Southern District of California "is not permitted."  (*See* ECF No. 1-2 at 1.) While *e-filing* from ISP may only be available in the Central District of California, *see* https://www.cacd.uscourts.gov/sites/default/files/general-orders/GO%2018-02.pdf, prison officials at ISP must nevertheless provide Plaintiff with "a statement of all assets [he] possesses," and specifically, a "certified copy of [his] trust fund account statement (or institutional equivalent) for … the 6-month period immediately preceding the filing of [his] complaint" in *this* Court.  28 U.S.C. § 1915(a)(1), (2).

[3]  Plaintiff is cautioned that if he chooses to re-open the case by either prepaying the full $405 civil filing fee, or by submitting a properly supported renewed motion to proceed IFP, his complaint will be subject to an initial review and may be dismissed pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $405 filing fee at once, or is granted IFP status and is required to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss IFP

26-cv-02865-WQH-BJW

(4)    **DIRECTS** the Clerk of the Court to mail Plaintiff a blank form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis" for his use should he re-elect to proceed IFP in this case.  If he does, Plaintiff is advised to include S.D. Cal. Case No. 26-cv-2865-WQH-BJW in the caption of his renewed IFP motion and/or any other subsequent document he wishes the Court to consider.

Should Plaintiff fail to pay the $405 civil filing fee in full or complete and submit a renewed IFP motion together with the trust account certifications required by 28 U.S.C. § 1915(a)(2) within 45 days, his case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a), and without further Order of the Court.

Dated:  June 1, 2026

Hon. William Q. Hayes
United States District Court

---

complaints that are frivolous, malicious, fail to state a claim, or seek damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seek[ing] redress from a governmental entity or officer or employee of a governmental entity.").

26-cv-02865-WQH-BJW